UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OBADIAH FRANCOIS                              CIVIL ACTION

VERSUS                                        NO: 14-485

GRETNA CITY                                   SECTION: **"J"** (3)

**ORDER**

Before the Court is the City of Gretna (the "City")'s **Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Rec. Doc. 9)**, Plaintiff Obadiah Francois ("Mr. Francois")'s responses to the motion (Rec. Docs. 10 & 11), and the City's reply memoranda. (Rec. Doc. 14) The City's motion was set for hearing on May 7, 2014, on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

**FACTS AND PROCEDURAL BACKGROUND**

Mr. Francois alleges that he was arrested on October 28, 2013 based on allegations that he was making harassing phone calls in violation of Louisiana Revised Statute § 14:285. On

1

March 5, 2014, a bill of information was filed in the First Parish Court for the Parish of Jefferson in connection with these same allegations. The bill of information was dismissed without prejudice on March 28, 2014.

As a result of these events, Mr. Francois filed a *pro se* complaint in this Court against the City of Gretna alleging that his rights were violated because he was falsely arrested and/or accused and because the bill of information was not timely filed. As a result, Mr. Francois demands a sum of $50,000,000.00. The City of Gretna moved to dismiss Mr. Francois's complaint for failure to state a claim on April 21, 2014. Mr. Francois filed two responses, both of which have been construed as oppositions to the City's motion.

## LEGAL STANDARD & DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v.

U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678. Although *pro se* plaintiffs are held to less stringent standards than those represented by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Mr. Francois claims that the Louisiana Attorney General failed to file a bill of information in violation of the Sixth Amendment of the United States Constitution and Louisiana Code of Civil Procedure Article 701. This allegation fails to state a claim against the City because, even if there were a violation,[1] the City would not be the party liable for such a violation.

Additionally, Mr. Francois alleges that the City of Gretna falsely arrested him in violation of the Fourth Amendment of the

---

[1] The Court notes, however, that even if Mr. Francois had named the proper party, it seems unlikely that a cause of action exists. Article 701 does not provide Mr. Francois with relief as it is a remedial statute meant to prevent a defendant from being held in pretrial limbo due to administrative delays. State v. Frith, 194 So. 1 (1940). The only remedy for a violation of that statute is release for custody or bond requirements, neither of which are at issue here; therefore, the statute does not apply to this matter. See State v. Pete 2012-0378, (La. App. 4 Cir. 3/20/13), 112 So.3d 353. Further, as the City points out, the statute of limitations for filing charges in this case is two years under La. C.Cr.P. Art. 572, meaning that even construing Mr. Francois's allegations in the most liberal fashion possible, he has not alleged any facts that form the basis of a cause of action.

3

United States Constitution. In support of this claim, he cites to the fact that the Louisiana Attorney General recently dismissed the bill of information and he claims that he has an eyewitness, Matthias Francois, who saw the alleged injustice occur. To prove false arrest, Plaintiff must prove "(1) that he was arrested, and (2) the arrest did not have the requisite probable cause." <u>Rhodes v. Prince</u>, 360 F. App'x 555, 558 (5th Cir. 2010). In this matter, Mr. Francois does not allege any facts to support either of the elements of a false arrest claim, rather he relies on conclusory allegations that the arrest was improper. Accordingly, Mr. Francois's false arrest claim must be dismissed.

Accordingly,

**IT IS ORDERED** that the City of Gretna's **Motion to Dismiss (Rec. Doc. 9)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Obadiah Francois's claims arising from a violation to the right to a speedy trial are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Obadiah Francois's claims arising from a violation of 42 U.S.C. § 1983 based on a theory of false arrest are **DISMISSED WITHOUT PREJUDICE.** Mr. Francois is granted <u>**thirty (30) days**</u> leave to amend his complaint to allege facts in support of this claim. Failure to file an amended complaint may be cause to dismiss the claims with prejudice.

New Orleans, Louisiana this 12th day of May, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE